JOURNAL ENTRY and OPINION
Relator John Hartman is a candidate of relator Libertarian Party of Ohio for Lakewood City Council. Relators aver that respondent, Cuyahoga County Board of Elections ("Board"), voted unanimously on September 4, 2001 to place Hartman on the ballot as the Libertarian candidate and found that the Libertarian Party is a minor political party under R.C.3501.01 and 3517.01.
On September 12, 2001, the Board convened to "revisit" whether Hartman would appear on the ballot as a Libertarian candidate. (Relators' Memorandum in Support of the Complaint in Prohibition, Transcript of the September 12, 2001 hearing ["Exh. B"], at 2.) The Board voted three-to-one in favor of reconsidering whether Hartman could remain on the ballot as the Libertarian candidate. (Exh. B. at 19-20.) The Board ultimately voted in a tie, two-to-two, "to deny the placement of the name of John Hartman as the Libertarian candidate for council at-large for the City of Lakewood." (Exh. B. 24-26.) Under R.C. 3501.11, the matter was referred to the Secretary of State. Nevertheless, Hartman's name remains on the ballot as the candidate of the Libertarian Party. (Exh. I.)
Relators commenced this action in prohibition to prevent respondents — the Board, the two members who voted to remove Hartman's name from the ballot and the Secretary of State — from removing Hartman's name from the ballot as the candidate of the Libertarian Party. For the reasons stated below, we dismiss this action sua sponte.
Relators acknowledge that Hartman's name remains on the ballot. "For a cause to be justifiable, there must exist a real controversy presenting issues that are ripe for judicial resolution and that will have a direct and immediate effect on the parties. [Burger Brewing Co. v. LiquorControl Comm. (1973),] 34 Ohio St.2d [93,] at 97-98, 63 Ohio Op. 2d [149,] at 151-152, 296 N.E.2d [261,] at 264-265." State ex rel. OhioAcademy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, 525,715 N.E.2d 1062, 1118 (Moyer, C.J., dissenting). In light of the fact that both of the decisions by the Board have been in favor of relators, we hold that the facts set forth in relators' complaint do not present issues ripe for judicial resolution and, therefore, relators' claim for relief in prohibition is not justifiable.
Accordingly, we dismiss this action sua sponte. Relators to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
PATRICIA A. BLACKMON J. CONCURS.
TERRENCE O'DONNELL J. CONCURS WITH SEPARATE OPINION.